

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD NORMAN ST. CLOUD, SR., | CIV 12-3010 |
| Petitioner, | |
| | ORDER |
| -vs- | |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty in Federal District Court to involuntary sodomy and was sentenced to 25 years custody. He filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, contending he was not an Indian and the federal court therefore lacked jurisdiction over him. His motion was granted. St. Cloud v. United States, 702 F. Supp. 1456 (D.S.D. 1988).

Petitioner was thereafter tried and convicted in South Dakota Circuit Court of rape and kidnapping and was sentenced to 25 years and 60 years imprisonment, respectively. His convictions and sentences were affirmed by the South Dakota Supreme Court. State v. St. Cloud, 465 NW2d 177 (S.D. 1991). He filed a petition for a writ of habeas corpus is state court contending, *inter alia*, that he was an Indian and the federal court, not the state court, had jurisdiction over him. His petition was denied. The South Dakota Supreme Court affirmed as to the issue regarding jurisdiction but reversed and remanded as to two other issues. St. Cloud v. Leapley, 521 NW2d 118 (S.D. 1994). Following remand, the South Dakota Circuit court again denied the writ. The South Dakota Supreme Court affirmed. St. Cloud v. Class, 550 NW2d 70, (S.D. 1996).

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, *inter alia*, that the state court did not have jurisdiction because he was an Indian. I denied the writ on all grounds and denied a certificate of appealability. The United States Court of Appeals for the Eighth Circuit dismissed the appeal.

Petitioner has now filed a "writ of mandamus" requesting that I order the State of South Dakota, federal agencies, and trial counsel to provide petitioner medical and investigative materials concerning his state court convictions. He contends that he needs them to respond to state court findings of facts and conclusions of law. "The writ of mandamus in civil actions in the federal district courts is abolished." Booker v. State of Arkansas, 380 F.2d 240 (8th Cir. 1967) (*citing* Fed. R. Civ. P. Rule 81(b)).[1]

Petitioner is seeking discovery to support a state court attack upon his convictions and sentences. Federal courts cannot interfere with state court litigation or compel state court action by way of mandamus. *See* In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001).

Petitioner has no pending habeas petition in federal court and has not asserted that he has been authorized by the Eighth Circuit to file a second or successive petition as required by Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. This Court has no jurisdiction to act on petitioner's request. Although 28 U.S.C. § 1361 would authorize this court to compel employees of the United States to perform a duty owed to petitioner, that statute does not confer jurisdiction. Jeno's Inc. v. Commissioner of Patents and Trademarks of U. S., 498 F.Supp. 472, 476 (D. Minn. 1980).

Now, therefore,

IT IS ORDERED that the petition for a writ of mandamus is denied.

Dated this 5th day of April, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY: _____
DEPUTY
(SEAL)

---

[1] Abrogated on other grounds, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123 (1973).

2